STUBBS & SCHUBART, P. C.
ATTORNEYS AND COUNSELLORS AT LAW
340 NORTH MAIN AVENUE
TUCSON, ARIZONA 85701
(520) 623-5466

JEFFREY H. GREENBERG
PIMA COUNTY COMPUTER NO:    21764
STATE BAR NO:               7661

ATTORNEYS FOR              MOVANTS

**THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>SAGUARO RANCH DEVELOPMENT CORPORATION, an Arizona corporation,<br><br>Debtor. | Case No. 4:09-bk-02490-EWH<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| COURTLAND GETTEL, a married man as to his sole and separate property; and CGTS, L.L.C., an Arizona limited liability company,<br><br>Movants,<br><br>vs.<br><br>TITLE SECURITY AGENCY OF ARIZONA an Arizona corporation, as Trustee under Trust No. 773; and SAGUARO RANCH DEVELOPMENT CORPORATION, an Arizona corporation,<br><br>Respondents. | |

Movants, Courtland Gettel, a married man as to his sole and separate property and CGTS, L.L.C., an Arizona limited liability company ("CGTS") (collectively the "Plaintiffs"), parties-in-interest in this Chapter 11 proceeding, pursuant to 11 U.S.C. § 362(d), hereby request this Court enter an Order modifying the § 362(a) automatic stay and injunction to allow Movants to proceed to Judgment in Arizona State Court cases now pending against Saguaro Ranch Development

Page 1 of 5

1  Corporation (the "Debtor"). The following Memorandum of Points and Authorities
2  supports this Motion.
3      DATED this 10th day of April, 2009.
4                            **STUBBS & SCHUBART, P. C.**
5
6                             By: /s/ Jeffrey H. Greenberg
                               Jeffrey H. Greenberg
7                                 Attorneys for Plaintiffs
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

STUBBS & SCHUBART, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
340 NORTH MAIN AVENUE
TUCSON, AZ 85701
(520) 623-5466

Page 2 of 5    MOTION FOR RELIEF FROM AUTOMATIC STAY

Case 4:09-bk-02490-EWH    Doc 57    Filed 04/10/09    Entered 04/10/09 13:45:26    Desc
Main Document    Page 2 of 5

# MEMORANDUM OF POINTS AND AUTHORITIES

B<small>ACKGROUND AND</small> P<small>ROCEDURAL</small> H<small>ISTORY</small>

A. B<small>REACH OF</small> C<small>ONTRACT</small> C<small>LAIMS IN</small> P<small>IMA</small> C<small>OUNTY</small> S<small>UPERIOR</small> C<small>OURT</small> C<small>ASE</small> N<small>O.</small> C20085219, L<small>OTS</small> 17 <small>AND</small> 38 <small>OF</small> S<small>AGUARO</small> R<small>ANCH</small>

On July 25, 2008, Movant filed a Complaint against Debtor in Pima County Superior Court alleging Debtor breached contracts for Debtor's sale to Movant of Lot 17 and Lot 38 of the Saguaro Ranch subdivision (the "Lot 17/38 Complaint"). Movant closed escrow on the two contracts August 31, 2007. Movant alleged Debtor breached the contracts by failing to reimburse Movant for Movant's architectural and engineering costs. The Lot 17/38 Complaint contains two counts, one for each lot, and both counts pray for rescission, restitution, and consequential damages.

On August 21, 2008, Debtor filed a Motion to Dismiss the Lot 17/38 Complaint, which the court denied on October 8, 2008. On October 20, 2008, Movant amended the Lot 17/38 Complaint to add a count seeking compensatory damages and another count seeking rescission or compensatory damages for Debtor's failure to disclose material facts about the lots. Debtor has answered the amended Lot 17/38 Complaint.

B. F<small>AILURE TO</small> D<small>ISCLOSE</small> C<small>LAIMS IN</small> P<small>IMA</small> C<small>OUNTY</small> S<small>UPERIOR</small> C<small>OURT</small> C<small>ASE</small> N<small>O.</small> C20086069, L<small>OT</small> 39 <small>OF</small> S<small>AGUARO</small> R<small>ANCH</small>

On September 2, 2008, Gettel filed a Complaint against Debtor in Pima County Superior Court alleging Debtor failed to disclose material facts about Lot 39 of the Saguaro Ranch subdivision (the "Lot 39 Complaint"). The Lot 39 Complaint alleges nondisclosure of the same material facts as those alleged in the amended Lot 17/38 Complaint, and the Lot 39 Complaint prays for compensatory damages. The Defendant has denied liability.

S<small>TUBBS</small> & S<small>CHUBART</small>, P.C.
A<small>TTORNEYS AND</small> C<small>OUNSELLORS AT</small> L<small>AW</small>
340 N<small>ORTH</small> M<small>AIN</small> A<small>VENUE</small>
T<small>UCSON</small>, AZ 85701
(520) 623-5466

Page 3 of 5      M<small>OTION FOR</small> R<small>ELIEF</small> F<small>ROM</small> A<small>UTOMATIC</small> S<small>TAY</small>

Case 4:09-bk-02490-EWH   Doc 57   Filed 04/10/09   Entered 04/10/09 13:45:26   Desc
Main Document   Page 3 of 5

C. DEBTOR'S BANKRUPTCY FILING

Debtor filed for Chapter 11 bankruptcy protection on February 13, 2009 the filing automatically stayed the Lot 17/38 and Lot 39 cases under 11 U.S.C. § 362(a).

**LEGAL ANALYSIS**

CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY

The Bankruptcy Court may grant a creditor relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause". Thus, the Court must determine if the creditor's claim presents "cause" for granting relief from the stay. *In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990);* see also *In re Delaney-Morin*, 304 B.R. 365, 369 (9th Cir. B.A.P. 2003). The debtor has the burden of proving there is no cause to grant the creditor relief from the automatic stay. 11 U.S.C § 362(g)(2); see also *In re Ellis*, 60 B.R. 432, 435 (9th Cir. B.A.P. 1985).

"A clear congressional policy exists to give state law claimants a right to have claims heard in state court." *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986). The bankruptcy court may allow state court claims to proceed to judgment, thereby liquidating the amount and easing the disposition of the bankruptcy, without allowing the creditor to execute on its judgment. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).

Based on the foregoing authorities, this Court should enter the requested order modifying the automatic stay to allow Movants the opportunity to liquidate their state law based claims in State Court.

RESPECTFULLY SUBMITTED this 10th day of April, 2009.

                **STUBBS & SCHUBART, P. C.**

                By:/s/ Jeffrey H. Greenberg
                  Jeffrey H. Greenberg
                  Attorneys for Plaintiffs

STUBBS & SCHUBART, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
340 NORTH MAIN AVENUE
TUCSON, AZ 85701
(520) 623-5466

Page 4 of 5    MOTION FOR RELIEF FROM AUTOMATIC STAY

Case 4:09-bk-02490-EWH   Doc 57   Filed 04/10/09   Entered 04/10/09 13:45:26   Desc
Main Document    Page 4 of 5

Copy delivered this 10th
day of April, 2009, to:

Judge Virginia C. Kelly
Pima County Superior Court
110 West Congress
Tucson, AZ 85701

Copy mailed this 10th
day of April, 2009, to:

Craig L. Keller, Esq.
KELLER & HICKEY
2177 East Warner Road, #103
Tempe, AZ 85284
Attorneys for Defendants

Eric S. Sparks, Esq.
Eric Slocum Sparks, P.C.
110 S. Church Ave., #2270
Tucson, Arizona 85701
Attorney for Debtors

By:/s/ Jeffrey H. Greenberg

STUBBS & SCHUBART, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
340 NORTH MAIN AVENUE
TUCSON, AZ 85701
(520) 623-5466

Page 5 of 5   MOTION FOR RELIEF FROM AUTOMATIC STAY

Case 4:09-bk-02490-EWH   Doc 57   Filed 04/10/09   Entered 04/10/09 13:45:26   Desc
Main Document   Page 5 of 5