Eric Slocum Sparks
Arizona State Bar No. 11726
LAW OFFICES OF ERIC SLOCUM SPARKS, P.C.
110 South Church Avenue, #2270
Tucson, Arizona 85701
Telephone (520) 623-8330
Facsimile (520) 623-9157
eric@ericslocumsparkspc.com

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>SAGUARO RANCH DEVELOPMENT CORPORATION,<br>    Debtor. | Jointly Administered Under<br>Case No. 4:09-bk-02490-EWH<br>Chapter 11 |
| In re:<br>PCC INVESTMENTS, LLC,<br>    Debtor. | Case No. 4:09-bk-02484-EWH<br>Chapter 11 |
| In re:<br>SAGUARO GUEST RANCH MANAGEMENT CORPORATION,<br>    Debtor. | Case No. 4:09-bk-02489-EWH<br>Chapter 11 |
| In re:<br>SAGUARO RANCH INVESTMENTS, LLC, | Case No. 4:09-bk-02492-JMM<br>Chapter 11 |
| In re:<br>SAGUARO RANCH REAL ESTATE CORPORATION,<br>    Debtor. | Case No. 4:09-bk-02494-EWH<br>Chapter 11<br><br>SECOND MOTION PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE TO EXTEND THE EXCLUSIVITY PERIODS DURING WHICH THE DEBTOR MAY FILE A PLAN OF REORGANIZATION |

|   | ) AND SOLICIT ACCEPTANCES HEREOF |
|---|---|
|   | ) |

COMES NOW, the jointly administered Debtors, Debtors-in-possession, captioned above, by and through their undersigned attorney, and move this Court for a second order extending the exclusivity periods an additional (90) ninety days during which the Debtors may file a plan of reorganization and solicit acceptances thereof.

In support of their Motion, the Debtors alleges as follows:

<u>BACKGROUND</u>

1. On February 13, 2009, the Debtors filed their respective Petitions for Relief under Chapter 11, Title 11 of the United States Code. This Court subsequently entered Orders for Joint Administration of these cases. The Debtors are continuing to operate business and manage their properties as a debtors-in-possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

<u>Assets of Debtor</u>

2. Improved assets of debtor include an over 1060 acre development with over 55 lots sold at average lot price of $1,290,000. The development has homes completed and/or under construction. Debtor is reviewing a number of post petition financing offers. The proceeds from that financing will allow debtor to complete a number of projects on the property including, 1) over 25 miles of hiking and bridle trails, 2) equestrian center, 3) spa, 4) road to over 130 undeveloped lots, and other improvements. The Town of Marana recently abandoned an easement in Saguaro Ranch which action will now

allow debtors to move forward with their Disclosure Statement and Plan of Reorganization in the time periods requested.

3. On June 12, 2009, Debtor filed its first motion to extend the exclusivity periods during which Debtor may file a plan of reorganization and solicit acceptances hereof.

4. Debtor believes additional time is necessary to develop its plan of reorganization

   a. **A viable plan cannot be formulated until**

      **i. easement issues before this Honorable Court are resolved and**

      **ii. Debtor in Possession financing can be finalized and become part of Debtor's plan of reorganization.**

LAW

5. Section 1121 (b) of the Bankruptcy Code provides for an initial period of 120 days after the date on which a Chapter 11 Petition is filed during which a debtor has the exclusive right to file a plan. Section 1121 of the Bankruptcy Code provides that if the debtor files a plan within the 120-day exclusive period, it has an initial period of 180 days after the date on which the Chapter 11 petition is filed to solicit acceptances of such plan, during which time competing plans may not be filed.

6. Section 1121(d) of the Bankruptcy Code provides:

  "On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."

7. The exclusive periods of 120 days and 180 days provided for in Section 1121 of the Bankruptcy Code (the "Exclusivity Periods") expires with respect to the Debtors herein on September 14, 2009, and November 12, 2009, respectively. The Debtors submit that under the circumstances of these complex jointly administered Chapter 11 cases, a (90) ninety day extension of the Exclusivity Periods is warranted and is in the best interest of the estates, their creditors and all other parties-in-interest and the Debtors request an extension of the Exclusivity Periods. The Debtors believe that the extension requested does not prejudice the interest of any creditor or other party-in-interest and will enable the Debtors to pursue their objective of a consensual plan of reorganization as contemplated by Chapter 11 of the Bankruptcy Code.

8. The Debtors believe that more than ample cause exists for the requested extension of the Exclusivity Periods. The Debtors have been unable to fully negotiate and file a reorganization plan within the initial 120-day exclusive period provided in Section 1121 of the Bankruptcy Code.

9. During the initial stages of its Chapter 11 case, the Debtors and its advisors have expended substantial energies addressing the myriad issues which arise upon the commencement of any Chapter 11 case. The efforts by Debtors and their counsel to stabilize this Chapter 11 proceeding so as to ensure a reasonable setting in which to negotiate and/or file a plan of reorganization and thereby preserve asset values for all interested parties. The Debtors, through their

counsel, are preparing a disclosure statement and plan of reorganization which Debtors anticipate will be filed within the extended period.

10. The Debtors' management has devoted countless hours to the review of operations and the development of information required by the provisions of the Bankruptcy Code, including the preparation of the respective Debtor's Statement of Financial Affairs and Schedules of Assets and Liabilities, as well as responded to questions raised by creditors.

11. The termination of the Exclusivity Periods and the proposal of a premature plan of reorganization would impair the results which have been achieved at this early state of the Debtors' Chapter 11 case. Indeed, in comparable and even smaller and less complex Chapter 11 cases, bankruptcy courts routinely have extended the Exclusivity Periods for substantial periods of time.

12. The Exclusivity Period provided for in Section 1121 was incorporated into the Bankruptcy Code in order to give a debtor a fair opportunity to propose and negotiate a plan of reorganization and to solicit acceptances of such plan without the dislocations and disruptions of a debtor's business that might be caused by the filing of premature and/or competing plan of reorganization by non-debtor parties. The objective of a Chapter 11 reorganization case is the development, formulation, confirmation and consummation of a consensual plan of reorganization. The Debtors should not be deprived of the opportunity to pursue that objective when the circumstances unique to this case, and

other related cases pending before this Court, have threatened the early viability of this proceeding.

13. Thus, although the negotiation process contemplated by Chapter 11 and Section 1121 of the Bankruptcy Code is proceeding, it is in its initial states. Termination of the Exclusivity Periods at this juncture would defeat the very purpose of Section 1121 and expose the Debtors' estates to the uncertainty of potential competing plans of reorganization being proposed with the attendant confusion, dislocation and negative impact on operation, assets values, and the creditors' interests.

14. The termination of the Exclusivity Periods at this stage of the cases, before the Debtors have been afforded the opportunity to negotiate the terms and provisions of a plan of reorganization, could lead to the proposal of competing plans that would cause deterioration in the values of the Debtors' assets. An approach more likely to protect the values of the Debtors' properties and interests is to grant the requested extension of the Exclusivity Periods so that a meaningful effort may be made to negotiate a consensual plan of reorganization.

15. The Debtors should be afforded a full and fair opportunity within the Exclusivity Periods to (a) conduct good faith negotiations with both secured and unsecured creditors, (b) receive the benefit of the experts has sought to retain in formulating a plan of reorganization, (c) have a determination of some of the contested issues before the Court, and (d) propose its own plan of reorganization. The Debtors

believe it is warranted and most appropriate under the circumstances in its request for extension of the Exclusivity Periods.

WHEREFORE, the Debtors respectfully request that the Court enter an order extending the 120-day and 180-day Exclusivity Periods an additional (90) ninety days from September 14, 2009 and November 12, 2009 respectively, to December 13, 2009 and February 10, 2010 respectively and granting Debtor such other and further relief as is just.

RESPECTFULLY SUBMITTED: September 15, 2009.

                                        LAW OFFICES OF
                                        *ERIC SLOCUM SPARKS, P.C.*

                                        /s/ Sparks AZBAR #11726
                                        Eric Slocum Sparks for Debtor

COPIES of the foregoing
mailed/delivered/faxed
September 15, 2009, to:

Ilene J. Lashinsky
Christopher J. Pattock
UNITED STATES TRUSTEE
230 N. First Ave. #204
Phoenix, Arizona 85003

Official Committee of Unsecured Creditors:

    Arizona Restaurant Supply, Inc.
    Attn: Tom Carr
    6077 N. Travel Center Drive
    Tucson, Arizona 85741

    Linthicum Corp.
    Attn: Clayton Boop
    20789 N. Pima Road, #250
    Scottsdale, Arizona 85255

    Rick Engineering Company, Inc.
    Attn: Paul Iezzi

3945 E. Fort Lowell Road, #111
Tucson, Arizona 85712-1046

Three Architecture, Inc.
Attn: Jack Baines
4040 N. Central Expressway, #1200
Dallas, TX 75204

Earth-Scrapes Excavating, Inc.
Attn: Jody Mott
P O Box 69576
Oro Valley, AZ 85737

Neil Eckel, Esq.
DURAZZO & ECKEL, P.C.
45 North Tucson Boulevard
Tucson, Arizona 85716
Attorneys for Amanti Electric, Inc.

Alan M. Levinsky
BUCHALTER NEMER
16435 North Scottsdale Road
Suite 440
Scottsdale, Arizona 85254
Attorneys for Ford Motor Credit Company LLC

Dewain D. Fox, Esq.
Fennemore Craig, PC
3003 N. Central Ave.
Suite 2600
Phoenix, AZ 85012
Attorney for Kennedy Funding (SGRMC)


/s/ K. Horak