# EXHIBIT C:

## COMMITMENT LETTER

# LOANVEST XIV, L.P.
c/o Sentinel Investment Management Company
160 Spear Street, Suite 1140
San Francisco, California 94105
(415) 371-0700

December 16, 2009

Saguaro Ranch Development Corporation
Saguaro Ranch Investments, LLC
PCC Investments, LLC
Saguaro Ranch Real Estate Corporation
PO Box 70207
Tucson, Arizona 85737

Attention: Mr. Stephen D. Phinny

RE: **COMMITMENT LETTER FOR DEBTOR-IN-POSSESSION LOAN**

Dear Mr Phinny:

Reference is made to those certain Chapter 11 bankruptcy proceedings ("Bankruptcy Cases") presently pending in the United States Bankruptcy Court, District of Arizona (the "Bankruptcy Court"), pursuant to which each of Saguaro Ranch Development Corporation, an Arizona corporation ("SRDC"), Saguaro Ranch Investments, LLC, an Arizona limited liability company ("SRI"), PCC Investments, LLC ("PCC"), and Saguaro Ranch Real Estate Corporation, an Arizona corporation ("SREA") (SRDC, SRI, PCC and SREA are collectively, "Debtors") sought relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Unless otherwise set forth herein, all capitalized terms shall have the meanings as set forth in the Loan Term Sheet, a copy of which is attached hereto and incorporated herein as **Exhibit A** (the "Loan Term Sheet").

Based on our review of certain information provided to us by representatives of Debtors, the undersigned ("Lender") is pleased to make the following proposal ("Offer") to provide Debtors with a debtor-in-possession loan in the aggregate amount of up to $12,325,000, in senior secured notes million (the "Loan"), on such terms and conditions as set forth herein and in that certain Loan Term Sheet, based on and subject to the terms and conditions as set forth in the Loan Term Sheet, and as further expressly set forth below:

| | |
|---|---|
| **Closing Date** | This Commitment Letter and the terms and conditions of the Loan, consistent with the terms and conditions hereof, shall have been approved by the Bankruptcy Court as set forth in the Final Documentation Approval Order by no later than ninety (90) days following the entry by the Bankruptcy Court of the Term Sheet Approval Order (the "Outside Date"). |

| | |
|---|---|
| **Inspection Rights** | Lender and its representatives and agents shall have the right to perform its due diligence review of Debtors business and operations, and conduct such investigations as reasonable and appropriate, including, without limitation, the right to enter upon the premises on which Debtors conduct business and/or own assets, at reasonable times in order to inspect, examine, survey, perform physical tests and otherwise do whatever Lender reasonably deems necessary or appropriate to verify the accuracy of the due diligence. Debtors shall provide Lender and its representatives and agents with any and all documents, materials and information requested by Lender from time to time. |
| **Contingencies** | The Offer contained herein shall be deemed to be accepted upon satisfaction of the following:<br>(1) Execution and delivery of this Commitment Letter and accompanying Loan Term Sheet by no later than December 21, 2009;<br>(2) Satisfaction of all the contingencies contained herein and in the Loan Term Sheet, including, without limitation, (a) filing by no later than December 24, 2009 all pleadings, motions, filings and other documents with the Bankruptcy Court to obtain a final, non-appealable order from the Bankruptcy Court approving, among the terms and conditions of this Commitment Letter and the attached Loan Term Sheet, (b) entering into the Loan Documents by no later than forty-five (45) days following the entry of the Term Sheet Approval Order, and (c) the entry of the Final Documentation Approval Order by no later than the Outside Date; and<br>(3) Compliance with the terms and conditions of this Commitment Letter and the Loan Term Sheet. |
| **Expiry of this Proposal** | This offer will expire and be of no further force and effect if (1) Debtors do not sign and approve this Commitment Letter by no later than December 21, 2009, and (2) the Final Documentation Approval Order is not entered by the Bankruptcy Court by no later than the Outside Date. |
| **Binding Agreement** | This Offer, once signed by the parties hereto, shall be a binding, valid agreement (the "Agreement") enforceable in accordance with its terms and conditions, subject to, among other things:<br><br>(1) Debtors filing by no later than December 24, 2009, all pleadings, motions, filings and other documents with the Bankruptcy Court to obtain a final, non-appealable order from the Bankruptcy Court approving, among the terms and conditions of this Commitment Letter and the attached Loan Term Sheet, including, by way of illustration and not of limitation, (a) the Underwriting and Expense Reimbursement Fee, and (b) the Break-up Fee; |

| | |
|---|---|
| **Binding Agreement (continued)** | (2) The entry of the Term Sheet Approval Order pursuant to the terms and conditions of the Loan Term Sheet by no later than February 10, 2010; |
| | (3) Debtors, Lender and Collateral Agent entering into the Loan Documents by no later than forty-five (45) days following the entry of the Term Sheet Approval Order; |
| | (4) Lender's right to withdraw this offer and terminate its obligations hereunder at any time pursuant to the terms and conditions hereof; and |
| | (5) The entry of the Final Documentation Approval Order pursuant to the terms and conditions of the Loan Term Sheet by no later than the Outside Date. |
| **Right To Withdraw** | Anything to the contrary contained herein notwithstanding, Lender may withdraw this Commitment Letter, including, without limitation, withdrawing the offer contained herein and/or withdrawing and/or terminating its obligations in connection with this Commitment Letter, the Loan Term Sheet and/or under the Loan Documents, at any time prior to the hearing (including, without limitation, any continuations thereto) by the Bankruptcy Court, for the Final Documentation Approval Order, upon written notice by Lender to Debtors as provided herein. Upon receipt by Debtors of such notice from Lender, Lender and Collateral Agent shall have no further duty or obligation whatsoever to Debtors with respect to the Loan and the transactions contemplated herein, in the Loan Term Sheet and/or under the Loan Documents. |
| **Costs and Expenses** | Debtors will pay all costs and expenses (including, without limitation, reasonable attorneys' fees) in connection with the Loan and the transactions contemplated thereby, as set forth in the Loan Term Sheet. |
| **Assignability** | The Loan Documents shall expressly provide that Lender may assign, transfer and/or convey any and all of its rights, and/or delegate any or all of its duties (whether in whole or in part) under the Loan Documents, in its sole and absolute discretion, from and after the Effective Date. |
| **Further Assurances** | Each of the parties hereto will take such actions, or omit to take such actions as reasonable and necessary to effectuate the terms and conditions contained herein and contemplated hereby. Without limiting the generality of the foregoing, the parties will enter into and deliver such additional agreements, instruments and documentation as reasonably requested by Debtors and/or their respective representatives consistent with the terms and conditions hereof or otherwise contemplated herein. |

| Notices | All notices, demands or other communications required or permitted to be given or made hereunder shall be in writing and delivered personally, via facsimile, via email, via priority/overnight mail, or sent by pre-paid, first class, certified or registered air mail (or the functional equivalent in any country), return receipt requested, to the intended recipient thereof at its address, email, and/or facsimile number set out herein. Any such notice, demand or communication shall be deemed to have been duly given immediately (if given or made by confirmed facsimile or via email to the address as set forth below), or one day after mailing (if sent via a respected overnight/priority mail service), or three days after mailing (if given or made by letter addressed to a location within the country in which it is posted) or seven days after mailing (if made or given by letter addressed to a location outside the country in which it is posted), and in proving same it shall be sufficient to show that the envelope containing the same was duly addressed, stamped and posted, or that receipt of a facsimile and/or email was confirmed by the recipient. Any party may change the address to which notices, requests, demands or other communications to such party shall be delivered or mailed by giving notice thereof to the other parties hereto in the manner provided herein. |
|---|---|
| General | This Agreement and any amendment hereto may be executed in one or more counterparts and by different parties in separate counterparts, all of which shall constitute one and the same agreement and shall become effective when one or more counterparts have been signed by each party and delivered to the other party. The failure of either party to require the performance of any term of this Agreement shall not prevent a subsequent enforcement of such term nor be deemed a waiver of any subsequent breach. This Agreement shall be governed by and in accordance with the laws of the State of California. This Agreement supersedes any and all agreements or contracts, either oral or written, between the parties hereto with respect to the transactions contemplated herein. Facsimile copies are deemed acceptable copies of original signatures hereto. Each party to this Agreement acknowledges that no representations, promises, or agreements, orally or otherwise, have been made by any party, or anyone acting on behalf of any party, which are not embodied herein, and that no other agreement, statement, or promise not contained in this Agreement shall be valid or binding. Any modification of this Agreement will be effective only if it is in writing signed by Lender. This Agreement may be executed in counterparts, each of which is an original, and all of which represents one and the same instrument. The terms and conditions of the Loan Term Sheet are incorporated herein and made a part hereof. Anything to the contrary contained herein notwithstanding, in the event of a conflict between this Agreement and the terms of the Loan Term Sheet, the terms of this Agreement shall control. |

If the foregoing accurately reflects your understanding of our agreement, please sign and date below indicating your acceptance. Thank you.

Sincerely,

LOANVEST XIV, L.P. an Arizona
limited partnership

By South Bay Real Estate Commerce
Group, LLC, a California limited
liability company

By: /s/ John F. Sullivan
John F. Sullivan, its authorized agent

**ACCEPTED AND AGREED:**

**DEBTORS:**

Saguaro Ranch Development Corporation, an Arizona corporation, as a Borrower

By: /s/
Name: STEPHEN D. PHINNY
Title: PRES/CEO

Address: P.O. BOX 70207
TUCSON, ARIZONA 85737
Attention: _____
Fax: (520) 498-2311
Email: sphinny@saguaroranch.net

Dated: December 17, 2009

Saguaro Ranch Investments, LLC, an Arizona limited liability company, as a Borrower

By: /s/ _____, its Manager

By: /s/ STEPHEN D PHINNY
Name:
Title: MANAGING MEMBER

Address: _____

Attention: _____
Fax: _____
Email: _____

Dated: December 17, 2009

PCC Investments, LLC, an Arizona limited liability company, as a Borrower

By: _____; its Manager

By: STEPHEN D. PHINNY
Name: _____
Title: MANAGING MEMBER

Address: _____

Attention: _____
Fax: _____
Email: _____

Dated: December 17, 2009

Saguaro Ranch Real Estate Company, an Arizona corporation, as Borrower

By: _____
Name: STEPHEN D. PHINNY
Title: Pres

Address: _____

Attention: _____
Fax: _____
Email: _____

Dated: December 17, 2009