Fennemore Craig, P.C.
George O. Krauja (No. 10964)
One South Church Avenue, Suite 1000
Tucson, AZ 85701-1627
Telephone: (520) 879-6800
Email: gkrauja@fclaw.com

Fennemore Craig, P.C.
Laurel E. Davis (NV Bar No.3005)
300 South Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Email: ldavis@fclaw.com

Attorneys for Kennedy Funding, Inc.
and Anglo-American Financial, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>SAGUARO RANCH DEVELOPMENT CORPORATION,<br>Debtor. | Case No. 4:09-bk-02490-EWH<br>**(Jointly Administered)**<br>Chapter 11 |
| In re:<br>PCC INVESTMENTS, LLC,<br>Debtor. | Case No. 4:09-bk-02484-EWH |
| In re:<br>SAGUARO GUEST RANCH MANAGEMENT CORPORATION,<br>Debtor. | Case No. 4:09-bk-02489-EWH |
| In re:<br>SAGUARO RANCH INVESTMENTS, LLC,<br>Debtor. | Case No. 4:09-bk-02492-JMM |
| In re:<br>SAGUARO RANCH REAL ESTATE CORPORATION,<br>Debtor. | Case No. 4:09-bk-02494-EWH<br>**KENNEDY FUNDING AND ANGLO-AMERICAN FINANCIAL'S SUPPLEMENTAL OBJECTION TO DISCLOSURE STATEMENT** |

Kennedy Funding, Inc. and Anglo-American Financial, LLC (collectively "Kennedy Funding") hereby file *Kennedy Funding and Anglo-American Financial's*

*Supplemental Objection to Disclosure Statement* (the "Supplemental Objection"), which fully incorporates as if set forth herein all facts, arguments, and authorities previously noted in *Kennedy Funding and Anglo-American Financial's Objection to Disclosure Statement* (Docket No. 239) (the "Initial Objection"). The Supplemental Objection and the Initial Objection address the lack of adequate information provided in the Debtors' First Amended Disclosure Statement for Its First Amended Plan of Reorganization Dated February 26, 2010 (Docket No. 232) (the "Disclosure Statement"). By its Supplemental Objection and its Initial Objection, Kennedy Funding requests the Court deny approval of the Disclosure Statement because it does not contain "adequate information" within the meaning of Section 1125(a) of the Bankruptcy Code and describes a facially unconfirmable plan. This Supplemental Objection is supported by the following Memorandum of Points and Authorities, the arguments and authorities provided in the Initial Objection, the exhibits, pleadings, papers and other records on file in this matter, and the argument and any further evidence presented to this Court at the time of the hearing.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   LEGAL STANDARD FOR APPROVAL OF THE DISCLOSURE STATEMENT**

The Disclosure Statement cannot be approved because it fails to provide "adequate information" as required under 11 U.S.C. § 1125(a). "Adequate information" is defined as: "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records." 11 U.S.C. § 1125(a)(1). The determination of whether a disclosure statement contains adequate information is made on a case by case basis and is largely within the discretion of the Court. *See, e.g., In re Microwave Prods. of Am., Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989). Generally, the disclosure statement should contain pertinent information bearing on the success or failure of the proposed plan. *Id*.

As the Debtor confirms in its Disclosure Statement, some courts evaluate whether a

2324866.2

- 2 -
FENNEMORE CRAIG, P.C.
PHOENIX

disclosure statement provides "adequate information" by looking to the following factors, among others:

    (1)    the circumstances that gave rise to the filing of the chapter 11 petition;

    (2)    a complete description of the available assets and their value;

    (3)    the anticipated future of the debtor;

    (4)    the source of the information provided in the disclosure statement;

    (5)    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

    (6)    the condition and performance of the debtor while in chapter 11;

    (7)    information regarding claims against the estate;

    (8)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

    (9)    the accounting and valuation methods used to produce the financial information in the disclosure statement;

    (10)    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

    (11)    a summary of the plan of reorganization;

    (12)    an estimate of all administrative expenses, including attorney's fees and accountant's fees;

    (13)    the collectibility of any accounts receivable;

    (14)    any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

    (15)    information relevant to the risks being taken by the creditors and interest holders;

    (16)    the actual or projected value that can be obtained from avoidable transfers;

    (17)    the existence, likelihood and possible success of nonbankruptcy litigation;

2324866.2

(18) the tax consequences of the plan; and

(19) the relationship of the debtor with affiliates.

7 COLLIER ON BANKRUPTCY ¶ 1125.02[2] (16th ed. 2009).

## II. DEBTORS' DISCLOSURE STATEMENT LACKS ADEQUATE INFORMATION

The Debtors filed their Disclosure Statement on March 1, 2010. Since March 1, however, several events have transpired in this bankruptcy case which must be discussed in the Disclosure Statement, the most important event of which is the Proposed DIP Lender's termination of its offer for proposed DIP financing. Yet, the Debtor has not filed an amended disclosure statement addressing this and various other issues. Therefore, the Debtors' Disclosure Statement does not contain adequate and detailed information sufficient to enable a hypothetical reasonable investor to make an informed judgment about the plan. *See In re Dakota Rail, Inc.*, 104 B.R. 138 (Bankr. D. Minn. 1989); *In re Metrocraft Publishing Service, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984). The Court should deny approval of the Debtors' Disclosure Statement as it is "inaccurate and replete with deficiencies." *See In re Hirt*, 97 B.R. 981 (Bankr. E.D. Wis. 1989).

### A. The Financial Information and Risk Analysis Discussions are Inadequate.

First, the Debtors' Disclosure Statement is littered with references to a potential DIP financing proposal from Loanvest XIV, L.P. (the "Proposed DIP Lender"). Yet, on June 9, 2010, counsel for the Proposed DIP Lender sent a letter to both Debtors' counsel and counsel for Kennedy Funding informing them that "Loanvest hereby terminates any obligation it may have had to fund under the Commitment Letter or Term Sheet." A copy of the Loanvest letter is attached hereto as **Exhibit A**. As such, the Debtor currently does not have any prospects for DIP financing and statements made to the contrary in the Disclosure Statement are false. Second, on March 11, 2010, Kennedy Funding filed a notice that it was making an election to be treated as a fully secured creditor under section 1111(b) of the Bankruptcy Code. To the extent Kennedy Funding is undersecured (which it believes it is), this section 1111(b) election will have a substantial effect on the

distributions allocated to the Debtors' other unsecured creditors. Accordingly, the Disclosure Statement fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

**B.     The Debtors' Valuation Discussion is Inadequate.**

To provide "adequate information", a disclosure statement should provide "a complete description of the available assets and their value." 7 COLLIER ON BANKRUPTCY ¶ 1125.02[2] (16th ed. 2009). *See also* 7 COLLIER ON BANKRUPTCY ¶ 1125.01[2] (16th ed. 2009) ("Section 1125(a)(1) requires that the disclosure statement contain 'adequate information' in sufficient detail as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's financial records."). In section 2.5 of the Disclosure Statement, the Debtors list the "estimated value" of the Real Property at $64 million. Yet, as the Court is aware, at an April 26 valuation hearing, the Court indicated that the "as is" value of the Real Property was approximately $46,466,000. The Court further determined that the equity cushion in the Real Property did not provide Kennedy Funding with sufficient adequate protection. As the March 1 Disclosure Statement has not been subsequently amended by the Debtors to include such information, the statements made therein are inaccurate. Accordingly, the Disclosure Statement fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

**C.     The Disclosure Statement Fails to Identify the Sources of Information**

To provide "adequate information", a disclosure statement should identify "the source of the information provided in the disclosure statement." 7 COLLIER ON BANKRUPTCY ¶ 1125.02[2] (16th ed. 2009). Yet, instead of providing any identifying information regarding the sources of the information provided in the Disclosure Statement, the Disclosure Statement merely makes reference to unidentified "third parties". *See* Disclosure Statement, p. 4 ("The Disclosure Statement … has been prepared in part from information compiled by the Debtor from records maintained by it in the ordinary course of its business or from information received by the Debtor from **third**

2324866.2

- 5 -

**parties**.") (emphasis added). *See also id*. at § 4.7 (noting that "[c]ash flow projections, Sources of Uses of Cash and Liquidation Analysis are based on information **provided by or to** the Debtor) (emphasis added). Accordingly, the Disclosure Statement fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

### D. The Disclosure Statement Fails to Note the Termination of the Exclusivity and Solicitation Periods

In their Disclosure Statement, the Debtors note that "[o]nly the Debtor or the Debtor's representatives may solicit your vote." Disclosure Statement, p. 5. Yet, the Debtors fail to further note that their exclusivity and solicitation periods have since expired, thereby allowing creditors, such as Kennedy Funding, to file competing plans of reorganization. Accordingly, the Disclosure Statement fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

### E. The Disclosure Statement Fails to Adequately Discuss the Condition and Performance of the Debtors During the Bankruptcy Case

To provide "adequate information", a disclosure statement should provide information regarding "the condition and performance of the debtor while in chapter 11…." 7 COLLIER ON BANKRUPTCY ¶ 1125.02[2] (16th ed. 2009). The Debtors' Monthly Operating Report for April 2010 (Docket No. 325) reflects that the Debtors have grossed $0 in revenue since the Petition Date. During this time of stagnant business operations, however, the Debtors have incurred, and are continuing to incur, rising attorney's fees and costs, as well as quarterly U.S. Trustee fees.

Yet, the Debtors surprisingly note in their Disclosure Statement that "with its reduction of employees and costs[sic] cutting measures, it will remain competitive in the market and with this Court's approval of the DIP Financing, lot sales will resume." Disclosure Statement, § 4.6. Yet, as previously noted above, the Debtors no longer have a financing commitment from the Proposed DIP Lender. Furthermore, the Disclosure Statement is lacking in any discussion regarding what cost-cutting measures the Debtors intend to employ, the number of employees currently employed, and their proposed

FENNEMORE CRAIG, P.C.
PHOENIX

2324866.2

strategy for reducing any employee workforce.

Additionally, the Disclosure Statement generically notes that "potential buyers" still tour the Real Property on a regular basis, yet no purchases have been made since such buyers have adopted a "lets[sic] wait and see what happens[]" approach. Disclosure Statement, pp. 12-13. Again, the Debtor continues to reference third parties, i.e. "potential buyers", without providing any additional identifying information regarding such "potential buyers," thereby failing to establish proper foundation that such unidentified "potential buyers" have adopted a "wait and see" approach. Instead, it appears the Debtors' generic statements are meant to serve as a prelude to its next discussion wherein the Debtors paint Kennedy Funding as the source of their faltering business operations. Kennedy Funding objects to these misleading statements and contends that it is the Debtors, and not Kennedy Funding, who are responsible for the demise of their business operations. Kennedy Funding further states that the Debtors' Disclosure Statement should expressly provide that Kennedy Funding provided the Debtors with loan extensions, pursuant to which the Debtors executed documents providing for broad releases of any and all causes of action against Kennedy Funding. Accordingly, and for all the reasons set forth above, the Disclosure Statements fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

**F.      The Disclosure Statement Fails to Discuss Pending and Future Suits**

To provide "adequate information", a disclosure statement should discuss "the existence, likelihood and possible success of nonbankruptcy litigation…." 7 COLLIER ON BANKRUPTCY ¶ 1125.02[2] (16th ed. 2009). The Disclosure Statement provides that "[t]he Debtor shall retain all claims or causes of action which it has as of the Confirmation Date, the powers of the debtor-in-possession for purposes of prosecuting claims and causes of action arising under the Bankruptcy Code, and full authority to pursue, compromise, and resolve all such claims and causes of action…." Disclosure Statement, § 11.2. Yet, the Debtors fail to provide any information, much less discuss, any of the

several pre-petition cases in which it is involved and as disclosed in Question 4 of the Debtors' statement of financial affairs. Furthermore, the Debtor is involved in a variety of adversary suits presently pending before this Court. Yet, the Disclosure Statement fails to provide any information regarding these adversary proceedings or the impact such proceedings will have on creditors and the bankruptcy estate. Accordingly, the Disclosure Statement fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

### G. The Disclosure Statement Fails to Provide Adequate Information Relating to a Claims Bar Date and Procedures for Claims Objections

As the Court is aware, the Debtors have not yet sought Court authority to establish a claims bar date, despite being debtors-in-possession for more than sixteen months. Similarly, the Disclosure Statement fails to mention, or request, that a date certain be set as the last day for creditors to file proofs of claim in these bankruptcy cases. The Disclosure Statement similarly fails to discuss the procedure with regard to claims objections and the resolution thereof. Accordingly, the Disclosure Statement fails to provide "adequate information" as required under section 1125(a) of the Bankruptcy Code.

### III. SINCE THE PLAN IS UNCONFIRMABLE AS A MATTER OF LAW, THE DISCLOSURE STATEMENT MUST BE REJECTED

For all the reasons set forth in the Initial Objection and in *Kennedy Funding and Anglo-American Financial's Motion for Relief from the Automatic Stay Regarding Debtors' Real Property and Other Collateral Securing Debts Owed to Lender* (Docket No. 237), the facts and arguments of which are fully incorporated herein by reference, the Debtors' Plan is unconfirmable as a matter of law. Furthermore, in light of Kennedy Funding's section 1111(b) election (which, as set forth above, is nowhere mentioned in the Disclosure Statement), the proposed plan is not fair and equitable and unfairly discriminates against Kennedy Funding. As such, the Disclosure Statement must be denied. *See In re American Cap. Equip., Inc.*, 405 B.R. 415, 423 (Bankr. W.D. Pa. 2009) (rejecting a disclosure statement which "describes a facially unconfirmable plan").

**IV. Conclusion**

For all the reasons stated above, Kennedy Funding requests the Court deny approval of the Debtors' Disclosure Statement because it fails to provide adequate information and describes a facially unconfirmable plan.

DATED this 24th day of June, 2010.

    FENNEMORE CRAIG, P.C.

    By /s/ *George O. Krauja* ( #010964)
        George O. Krauja

    By /s/ *Laurel E. Davis* (NV Bar #3005)
        Laurel E. Davis

    Attorneys for Kennedy Funding, Inc.
    and Anglo-American Financial, LLC

COPY of the foregoing e-mailed or mailed this 24th day of June 2010 to the following:

Eric Slocum Sparks
Eric Slocum Sparks PC
110 S CHURCH AVE #2270
TUCSON, AZ 85701
eric@ericslocumsparkspc.com
Attorneys for Debtor

Christopher J. Pattock
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003
Christopher.J.Pattock@usdoj.gov
US Trustee

Sally M. Darcy
McEvoy, Daniels & Darcy, P.C.
4560 E. Camp Lowell Drive
Tucson, AZ 85712
DarcySM@aol.com
Attorneys for the Official Joint Committee of Unsecured Creditors

/s/ *Heidi Lahren*

2324866.2