BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: Terri A. Roberts (012862)
Wendy A. Petersen (012847)
Deputy County Attorneys
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
Attorneys for Creditor Pima County

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> SAGUARO RANCH DEVELOPMENT CORPORATION, <br><br> Debtor. | Jointly Administered Under <br> Case No. 4:09-bk-02490-EWH <br> Chapter 11 |
| In re: <br><br> PCC INVESTMENTS, LLC, <br><br> Debtor. | Case No. 4:09-bk-02484-EWH <br> Chapter 11 |
| In re: <br><br> SAGUARO GUEST RANCH MANAGEMENT CORPORATION, <br><br> Debtor. | Case No. 4:09-bk-02489-EWH <br> Chapter 11 |
| In re: <br><br> SAGUARO RANCH INVESTMENTS, LLC, <br><br> Debtor. | Case No. 4:09-bk-02492-JMM <br> Chapter 11 |
| In re: <br><br> SAGUARO RANCH REAL ESTATE CORPORATION, <br><br> Debtor. | Case No. 4:09-bk-02494-EWH <br> Chapter 11 <br><br> **OBJECTION TO APPROVAL OF DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT AND TO CONFIRMATION OF DEBTOR'S FIRST PLAN OF REORGANIZATION DATED JUNE 30, 2010** |

COMES NOW secured creditor Pima County, by and through undersigned counsel, and objects to approval of the Debtor's Second Amended Disclosure Statement and to the confirmation of the Debtor's proposed Plan of Reorganization on the following grounds:

**Saguaro Guest Ranch Management Corporation**

Pima County is a secured creditor with claims for personal property taxes for tax years 2008 and 2009 on the assets of the Debtor. These claims totaled $6563.87 as of the filing date of the Debtor's petition, and continue to accrue interest at the statutory rate of 16% per annum prorated monthly until paid. *See* A.R.S. § 42-18053. Debtor's Second Amended Disclosure Statement and Plan still fails to accurately state the value of Pima County's secured claims.

**Saguaro Guest Ranch Investments**

Pima County holds secured claims for unpaid real property taxes for tax years 2006, 2007, 2008 and 2009 on 158 parcels. These unpaid claims totaled $1,153,852.51 and continue to accrue interest at the statutory rate of 16% per annum prorated monthly until paid. *See* A.R.S. § 42-18053. Debtor's Second Amended Disclosure Statement and Plan has not amended its treatment of Pima County's claims.

Debtor's Second Amended Disclosure Statement and Plan still designates these claims as Class 4 Secured Claims and vastly undervalue these claims and has not made adjustments of Pima County's claim. The Plan further provides that the County will be paid interest at the statutory rate, "unless a different rate is set by the Bankruptcy Court." Debtor has not provided any authority for an interest rate other than that set out in Arizona state law.

Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2).

1. Pursuant to section 1129, a proposed plan cannot be confirmed by the Court unless the Court determines that all the requirements of that section have been meet. *In re Ambanc La Mesa Limited Partnership*, 115 F.3d 650, 653 (9th Cir. 1997).

2. The treatment of Pima County's claims under the Plan violates sections 1129(a)(1), 1129(a)(3), 1129(a)(7), and 1129(a)(9)(C) and (D).

3. Section 1129(a)(1) requires that the proposed plan comply with the applicable provisions of the Code. Debtor's Plan fails this requirement, as the proposed reduction of the post-petition interest rate on class 5 claims is below the statutory rate and clearly violates both section 506(b) and section 511(a) of the Code. Similarly, the attempt to eliminate the interest accruing from the petition date to the Effective Date violates section 506(b).

4. In light of the above, the Plan was not proposed in good faith and violates section 1129(a)(3).

5. Moreover, the Plan violates the "best interests of creditors" test of 11 U.S.C. § 1129(a)(7), which "requires that each holder of a claim or interest either accept the plan or receive or retain property having a present value, as of the effective date of the plan, not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7." *In re Drexel Burnham Lambert Group*, 138 B.R. 723, 761 (S.D.N.Y. 1992). Under both bankruptcy and state law applicable in a liquidation, Pima County would be entitled to payment of its tax claims in full, including both the principal and the pre- and post-petition interest at the statutory rate up to the value of the property securing its claim. Accordingly, the failure of Debtor's Plan to provide for equivalent treatment of Pima County's claims makes it unconfirmable.

6. Lastly, sections 1129(a)(9)(C) and (D) require that secured claims that would fall under section 507(a)(8) but for their secured status be treated the same as 507(a)(8) claims and be paid off in full within five years of the date of the order for relief. Pima County's claims would fall under 507(a)(8) but for their secured status. Therefore, the Plan provision for repayment of the County's claims over a five year period from the Effective Date necessarily violates 1129(a)(9)(C) and (D).

Therefore, Pima County requests that the Court deny approval of the Second Amended Disclosure Statement and confirmation of the Plan until such time as they are amended to provide for the payment of the County's claims in full, including the statutory interest. Pima County further requests that the Debtor be required to timely pay any Pima County property taxes which may accrue during the Plan period.

WHEREFORE, Pima County respectfully requests that the Court deny confirmation of Debtor's proposed Plan, unless it is amended to provide for the payment of Pima County's claims in full within five years of the order for relief, including interest at the statutory interest rate up to the date of payment.

DATED this 10th day of August, 2010.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

By: /s/ Wendy A. Petersen
Wendy A. Petersen
Terri A. Roberts
Deputy County Attorneys

Copy of the foregoing mailed
this 10th day of August, 2010 to:

Eric Slocum Sparks
Eric Slocum Sparks PC
110 S. Church Ave. #2270
Tucson, AZ 85701

U.S. Trustee
Office of the U.S. Trustee
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706


By: /s/ Gina Truman